IN THE UNITED STATES DISTRICT COURT
For the District of Colorado

Civil Action No.        1:20-cv-03638-WLM

PILLOW MENU, LLC,

Plaintiff,

v.

SUPER EFFECTIVE, LLC, a Delaware Corporation, and

JERRY GUO.

Defendants.

**AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

Plaintiff, Pillow Menu, LLC, by and through its counsel of record in this action, the law firm of Lampert & Walsh, pursuant to F.R.C.P. 15(a)(1)(A), brings its Amended Complaint for Damages, as against the above-named Defendants, states and alleges as follows:

**JURISDICTION**

1.    Plaintiff Pillow Menu, LLC (hereinafter referred to as Pillow Menu), at all relevant times, is a limited liability company in good standing, incorporated under the laws of the State of Colorado. The company's principal place of business is located at 2200 S. Valentia St., County of Arapahoe, State of Colorado, 80231.

2.    Plaintiff Pillow Menu, LLC is comprised of two individual members, Craig Clark and Abigail Clark, both citizens of the State of Colorado, County of Arapahoe.

3.    Upon information and belief, Defendant Super Effective, LLC (hereinafter referred to as Super Effective) is a foreign limited liability company formed in March 2020 and

1

incorporated under the laws of the State of Delaware. The company is currently in good standing with a principal place of business located at 1699 Market Street #705, San Francisco, CA 94013. The registered agent for the company is A Registered Agent, Inc., 8 The Green, Ste A, City of Dover, County of Kent, State of Delaware, 19901.

4.     Upon information and belief, Defendant Jerry Guo (hereinafter referred to as Guo) is a natural person and citizen of the State of California, who resides at 1793 Sanchez Street, San Francisco, CA 94131.

5.     Upon information and belief, Defendant Jerry Guo is the Chief Executive Officer and sole member of Defendant Super Effective.

6.     This matter arises out of the breach of a Joint Venture Agreement ("Joint Venture" or "Agreement") originally entered into on June 22, 2020 between Plaintiff and Defendants (collectively known as "Parties") as amended by two allonges as well as a breach of representations made by Plaintiff to Defendants. Plaintiff brings claims for breach of contract, fraud, and respondeat superior against the named Defendants.

7.     The matter in controversy exceeds $75,000.00 exclusive of interest and costs. Plaintiff is seeking damages against Defendants in the amount of $618,578.50, fully set out below, plus treble damages for the commission of fraud by the Defendants, interests, costs, and damages caused to Plaintiff by being wrongfully deprived of the funds owed by Defendants.

8.     Pursuant to 28 U.S.C. § 1332, jurisdiction of this Court is predicated on diversity of citizenship. Plaintiff is a citizen of Colorado, Defendant Super Effective is a citizen of both Delaware and California, and Defendant Guo is a citizen of California. As such, no Defendant is a citizen of the same state as Plaintiff and complete diversity exists among the parties.

9. A substantial part of the events or omissions giving rise to the claims herein occurred in the State of Colorado. The Plaintiff's headquarters are in Colorado and this location served as the headquarters and distribution center for the activities of the Parties to include processing orders relating to the Joint Venture, managing drop shipments to the clients of the Parties, physically receiving and shipping product relating to the claims, doing accounting for the Parties activities, scheduling all shipments of products to be delivered to clients, doing banking for the joint venture and raising funds to pay for the Parties activities. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2). More specifically, on or about October 12, 2020 the Parties caused 540,000 gloves that were part of the contract to be imported from the Country of Malaysia to the Port of Denver, State of Colorado for sale to third parties under the contract. Moreover, as part of the Agreement Defendants caused goods consisting of bouffant caps, isolation gowns, shoe covers, and dry wipes to be shipped to Plaintiff in Colorado. Additionally, all funds relating to the performance under the contract originated from Colorado and all funding for performance under the contract to include loans secured by Plaintiff originated in Colorado with said loans funded by Colorado residents. The Parties had entered into contracts for millions of more gloves to be imported to Colorado for ultimate distribution to their clients with suppliers in Malaysia, China and Vietnam clearly establishing Colorado as the primary site for order processing and fulfillment. Finally, Defendants insincerely justify their specific fraud in an attempt to extort additional concessions from Plaintiff relating to orders that were processed and planned to be processed in the State of Colorado.

## GENERAL ALLEGATIONS

10. On June 22, 2020, Plaintiff Pillow Menu and Defendant Super Effective made and entered into a Joint Venture for the purposes of supplying the North Carolina Division of

Emergency Management (DPS) with fifteen million pieces (15,000,000 pairs) of nitrile gloves as outlined in a Purchase Order.

11. From the State of Colorado Pillow Menu provided all capital for the Joint Venture and was responsible for handling the administrative, logistical, financial and accounting requirements of the Joint Venture. Super Effective was responsible for the sales process and communication.

12. The Agreement called for the profit received from the payment of the purchase order to be divided as follows:

> a) Pillow Menu shall be entitled to its costs to fulfill the Purchase Order. Costs shall include, but are not limited to, cost of goods, shipping, duties, taxes (except income tax), inspection fees, and administration fees.

> b) The remaining amount shall be deemed profit and profit shall be split evenly between Pillow Menu, LLC and Super Effective, LLC.

13. Defendant Guo agreed as an individual, that he shall personally be jointly and severally liable for any damages caused to Pillow Menu for any breach of the Agreement by Super Effective.

14. On July 8, 2020, the parties amended the Agreement (First Allonge to Joint Venture Agreement) to include a Purchase Order (PO 400145) from the State of Washington and second Purchase Order for North Carolina (PO COV251557+) on the same terms and conditions as the prior purchase order with the State of North Carolina.

15. On November 3, 2020, the parties agreed to amend the Agreement (Second Allonge to Joint Venture Agreement) to include a Purchase Order from the State of Minnesota (MN PO H1201-3000080090), with the terms set forth below:

    a. Pillow Menu, at its expense, will ship 2.8 million nitrile examination gloves to partially fill the State of Minnesota Purchase Order H1201-3000080090 (MN PO). Before doing anything else with monies received from the State of Minnesota by Super Effective and superior to any other debt, claim, or encumbrance on any monies received from the State of Minnesota by Super Effective, Super Effective will wire the actual cost of 2.8 million gloves plus shipping Pillow Menu paid, to Pillow Menu within 24 hours of receipt of funds from the State of Minnesota.

    b. Super Effective shall fill the remainder of the MN PO at its sole cost and expense.

    c. Once the full MN PO is closed out and paid by the State of Minnesota, Super Effective shall subtract costs of shipping and goods from the total revenue received from the MN PO and this shall be Profit. Profit shall be divided 50/50 between Pillow Menu and Super Effective. Super Effective shall reconcile the Profit and give Pillow Menu its share of the Profit within 5 business dates of receiving the final payment from the State of Minnesota under the MN PO. Such reconciliation of Profit shall be done independent and paid independent of the other joint ventures between Pillow Menu and Super Effective.

16. Pillow Menu promptly executed the Second Allonge. Defendants represented that they would promptly execute the Second Allonge while insisting that Pillow Menu expedite delivery of product to the State of Minnesota to meet the requirements of the State.

17. Plaintiff Pillow Menu complied with its obligations pursuant to the terms of the Agreement and subsequent Allonges to fulfill the Purchase Orders for the State of Washington and State of Minnesota by providing capital for the goods and shipping the product.

18. Pillow Menu's costs to fulfill the PO for the State of Washington was $133,236.00. Pillow Menu's costs to fulfill the PO for the State of Minnesota was $435,271.00.

19. Upon information and belief, Defendant Super Effective was paid $137,500.00 by the State of Washington for Purchase Order 400145. The profit for this Purchase was $4,264.00 to be shared equally between the Parties.

20. Upon information and belief, Defendant Super Effective was paid $1,495,000 by the State of Minnesota for Purchase Order H1201-3000080090. The profit for this Purchase was $95,150.00 to be shared equally between the Parties.

21. Defendant Super Effective has breached the Agreement by failing to reimburse Plaintiff for its actual costs to fulfill the Purchase Order for the State of Washington (PO 400145) and failing to share the Profit received from that Purchase Order with Plaintiff as outlined in the Joint Venture.

22. Defendant Super Effective has breached the Agreement by failing to reimburse Plaintiff for its actual costs to fulfill the Purchase Order for the State of Minnesota (MN PO H1201-3000080090), plus shipping. Defendant has failed to share the Profit received from the State of Minnesota with Plaintiff as outlined in the Joint Venture Agreement.

23. As a direct and proximate result of the above-described actions and omissions of Defendants, Plaintiff Pillow Menu has suffered damages in the amount of $618,578.50. This figure was calculated based on the actual costs incurred by Pillow Menu and the share of profit owed.

24. As of this date the Parties are finalizing the calculation of the financial implications of the product supplied to the State of North Carolina. Defendants insincerely and fraudulently justify their withholding of payment to Plaintiff for gloves supplied to the State of Minnesota to extort concessions worth hundreds of thousands of dollars relating to product supplied to the State of North Carolina.

25. Defendants defrauded Plaintiff by assuring Plaintiff they would promptly pay the amounts owed for product supplied by Plaintiff to the States of Washington and Minnesota as well as assuring Plaintiff that they would promptly sign the Second Allonge. Defendants intended that Plaintiff rely upon these assurances and intended to induce Plaintiff to promptly ship product to the States of Washington and Minnesota. Plaintiffs did rely on these assurances and shipped product to the States of Washington and Minnesota. Defendants never intended to pay Plaintiff for product it paid for and shipped to the States of Washington and Minnesota despite promising to do so. Defendants never intended to sign the Second Allonge despite committing to do so and insisting that Plaintiff ship product to the State of Washington prior to Defendants signing the Second Allonge. Due to Defendants fraudulent conduct Plaintiff suffered severe economic loss.

**FIRST CLAIM FOR RELIEF**
(Breach of Contract – All Defendants)

26. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 25 above as if fully set forth herein.

27. Defendant Super Effective, by and through its agent, Defendant Guo, entered into a Joint Venture Agreement with Plaintiff on June 22, 2020.

28. Defendants breached their obligations outlined in the June 22, 2020 Joint Venture Agreement and subsequent Allonges, including but not limited to, failing to reimburse Plaintiff for actual costs incurred in fulfilling the Purchase Orders for the State of Washington and State of Minnesota and in failing to equally share the Profit received for these Purchase Orders with Plaintiff.

29. Defendants breached their contractual obligations established in writing by text message and orally to Plaintiff from November to December 2020 by failing to reimburse Plaintiff for actual costs incurred in fulfilling the Purchase Orders for the State of Washington and State of Minnesota and in failing to equally share the Profit received for these Purchase Orders with Plaintiff.

30. Due to the short length of time Defendant Super Effective had been in business, Defendant Guo agreed that he shall personally, as an individual, be jointly and severally liable for any damages caused to Pillow Menu for any breach of the Agreement by Super Effective.

31. As a direct and proximate result of the Defendants failure to comply with the Agreement as well as contractual obligations created through communication with Plaintiff, Plaintiff Pillow Menu has incurred damages and financial losses in the amount of $618,578.50 as outlined in paragraph 22 above as well as significant damage to its ongoing business operations.

32. Defendants are jointly and severally liable for Plaintiff's damages and losses.

WHEREFORE, Plaintiff prays for relief and judgment in their favor and against Defendants for general and special damages as proven at trial, pre-judgment interest from the date of Defendants first breach of contract, post-judgment interest as provided for by law, costs, expert witness fees, and all other damages to be determined at trail, and for such other relief as the Court deems proper.

## SECOND CLAIM FOR RELIEF
(Fraud – All Defendants)

33.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

34.     Defendants agreed to enter into a Joint Venture Agreement with Plaintiff to supply the State of North Carolina with nitrile gloves on June 22, 2020.

35.     The parties desired to amend the Agreement to include the First Allonge to the Agreement to provide nitrile gloves to the State of Washington. This Allonge was signed by Defendant Guo.

36.     The parties desired to amend the Agreement to include the Second Allonge to the Agreement to provide nitrile gloves to the State of Minnesota. Plaintiff signed the Second Allonge and Defendants agreed to sign the second Allonge. Plaintiff performed its obligations under the Second Allonge and Defendants were enriched by Plaintiff's actions.

37.     Defendant Guo represented to Plaintiff that he agreed to the terms of the Second Allonge regarding the Purchase Order for the State of Minnesota, that the State of Minnesota would pay Super Effective, and that Super Effective would wire the funds owed to Plaintiff immediately. He further represented that he would sign the Second Allonge on multiple occasions but did not do so prior to the completion of the Purchase Order. Defendants insisted Plaintiff perform its obligations under the Second Allonge and never objected to Plaintiff's

performance with Defendants eventually collecting hundreds of thousands of dollars from the State of Minnesota as the result of Plaintiff's performance. Specifically, Plaintiff Guo stated that his delay in signing the Second Allonge only related to his travel and at no time prior to refusing to pay Plaintiff for funds owed did he raise any request to modify the terms of the Second Allonge or the larger Agreement.

38. Defendants have knowingly withheld reimbursement for actual costs and payment of shared profit to Plaintiff for the Washington Purchase Order and Minnesota Purchase Orders without any justification.

39. Defendants have failed to act in good faith and have mislead the Plaintiff into providing capital and funding for goods that were shipped to the State of Washington and State of Minnesota while Defendants never had any intent to pay Plaintiff for gloves supplied to and profits derived from contracts with the States of Minnesota and Washington.

40. Despite assurances that Defendants would sign the Second Allonge and only was unable to do so due to travel, Defendants never intended to sign the Second Allonge and instead intended to later withhold signature of the Second Allonge as well as payment to Plaintiff of funds due for gloves supplied to the State of Minnesota in order to extort concessions worth hundreds of thousands of dollars from Plaintiff and defraud Plaintiff for hundreds of thousands of dollars.

41. Defendants pressured Plaintiff to ship gloves to the State of Minnesota without it having signed the Second Allonge as part of its plan to defraud Plaintiff and intended that Plaintiff ship gloves to the State of Minnesota in reliance upon its assurances that it would sign the Second Allonge while Defendants never intended to sign the Second Allonge.

42. Defendants made the material representation that it would pay Plaintiff immediately for the costs of gloves provided to the State of Minnesota as well as profits derived from the sale of gloves to the State of Minnesota to Plaintiff with the intent that Plaintiff would rely on the representations and provide funding and shipment for the goods.

43. Defendants made these representations with the intent to wrongfully deprive Plaintiff of their funds with full knowledge that Defendants never intended to pay Plaintiff the funds due and never intended to sign the Second Allonge.

44. Plaintiff did in fact rely on Defendants representations that Defendants would sign the Second Allonge and immediately pay Plaintiff funds due. Relying upon said assurances Plaintiff complied with its obligations under the Agreement as amended by the Allonges as well as those contractual terms established by text message and conversation.

45. Plaintiff's reliance was justified and caused damage and losses to Plaintiffs as outlined in paragraph 23 above.

WHEREFORE, Plaintiff prays for relief and judgment in their favor and against Defendants for general and special damages as proven at trial, pre-judgment interest from the date of Defendants first breach of contract, post-judgment interest as provided for by law, costs, expert witness fees, and all other damages to be determined at trail, and for such other relief as the Court deems proper.

**THIRD CLAIM FOR RELIEF**
(Respondeat Superior – Defendant Super Effective)

45. Paragraphs 1 through 41 are incorporated herein by reference.

47. Defendant Guo was the Chief Executive Officer for Defendant Super Effective on June 22, 2020.

48. While acting as an agent for Defendant Super Effective, Defendant Guo engaged with Plaintiff to enter into a Joint Venture Agreement and has knowingly and intentionally breached the terms of the agreement which has caused damages and losses for Plaintiff.

49. Under *respondeat superior*, the actions of the employee are the actions of the employer.

50. Therefore, Defendant Super Effective is liable for the breach of contract and fraud committed by its agent, Defendant Guo, and is responsible for the losses and damages to Plaintiff outlined in paragraph 22 above.

WHEREFORE, Plaintiff prays for relief and judgment in their favor and against Defendants for general and special damages as proven at trial, pre-judgment interest from the date of Defendants first breach of contract, post-judgment interest as provided for by law, costs, expert witness fees, and all other damages to be determined at trail, and for such other relief as the Court deems proper.

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS A TRIAL TO A JURY ON ALL ISSUES HEREIN.

Respectfully submitted this 30th day of March, 2021.

**LAMPERT & WALSH, LLC**

*The duly signed original of this document is on file at the law offices of Lampert & Walsh, LLC*

By: */s/ Sean B. Walsh*
Sean B. Walsh, Esq.
Lampert & Walsh, LLC
3650 S Yosemite Street, Suite 404
Denver, CO 80237
Telephone: 720-489-5848
Facsimile: 720-489-0540

Email: sean.walsh@lampertwalsh.com

COUNSEL FOR PLAINTIFF

Plaintiff's Address:
2200 S. Valentia St.
Denver, CO 80231